88

## WILNER v. VARTANIAN.
### No. 533.

Municipal Court of Appeals for the
District of Columbia.

Sept. 22, 1947.

William B. O'Connell, of Washington, D. C., for appellant.

Albert Abramson, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an action by a former tenant to recover from his former landlord double the amount allegedly paid in excess of the maximum rent ceiling under the District of Columbia Emergency Rent Act. Code 1940, Supp.V, §§ 45—1601 to 1611.

The case was tried on stipulated facts. The premises, consisting of 31 rooms and 6 baths, were first rented by plaintiff from defendant in 1933, and were used for the general purposes of a hotel or lodging house. On January 1, 1941, the rent for the premises was $250 per month. On April 1, 1941, the parties entered into a new rental agreement which, in part, provided:

"* * * the Lessor does hereby lease unto the Lessee premises known as the second, third and fourth floors of No. 715 'G' Street, Northwest, Washington, D. C., together with janitor's quarters in the basement, to be used by the Lessee for Hotel purposes for a term of Five (5) years, to commence with the first day of April 1941 and to end on the 30th day of March 1946, rental for said term of Fifteen Thousand, Four Hundred and Fifty ($15,-450.00) Dollars, payable in monthly installments of Two Hundred and Fifty ($250.00) Dollars, in advance, on the first day of each and every month and beginning April, 1, 1941, and Two Hundred Sixty-Five ($265.00) Dollars per month payable on the 1st day of each and every month beginning October 1, 1943, at the office of Jos. A. Wilner or to his heirs or assignees."

In accordance with the lease plaintiff paid rent of $265 per month from October 1, 1943, until May 1946. After expiration of the lease plaintiff brought the present action, alleging that for the period last mentioned the landlord had received $15 per month in excess of the maximum rent ceiling, and seeking double that amount, a total of $930. The trial court awarded plaintiff judgment for the full amount claimed and defendant has appealed.

Defendant first contends that the rented premises constituted a hotel and were therefore not subject to the provisions of subsection 1 of section 2 of the Rent Act,[1] which specifically excludes hotels, but instead were subject to subsection 2 of section 2 relating solely to hotels. However, section 2 (2) (e) provides:

---

[1] Code 1940 Supp. V, § 45—1602(1).

"For the purposes of this section, the term 'hotel' means an establishment operating under a hotel license and having in excess of fifty rooms used predominately for transient occupancy, that is, for living quarters for nonresidents upon a short-time basis."

■ For purposes of the Act the definition of "hotel" given therein is the sole criterion, and in view of the stipulation that the rented premises were operated under a lodging house license and had only thirty-one rooms, it is clear that the premises were without the hotel exclusion and within the term "housing accommodations" as used in subsection 1 of section 2.

Defendant's second contention appears to be that the lease was not subject to the Rent Act because plaintiff rented the premises for the purpose of conducting a business therein. Such business, however, was that of furnishing living accommodations.[2]

■ We hold, therefore, that the lease was one of housing accommodations and subject to the Rent Act. That Act fixed the maximum rent as the rent to which the landlord was entitled on January 1, 1941, namely $250. The lease of April 1, 1941, was ineffective to raise the rent ceiling. Hicks v. Behrend, D.C.Mun.App., 40 A.2d 78. Section 5 (a) of the Act provides: "It shall be unlawful, regardless of any agreement, lease, or other obligation heretofore or hereafter entered into, for any person to demand or receive any rent in excess of the maximum-rent ceiling, * * *." Code 1940, Supp. V, § 45—1605 (a).

Defendant relies on Isquith v. Athanas, D.C.Mun.App., 33 A.2d 733, but that case is inapplicable since in that case there was a valid term lease in effect on January 1, 1941, the freeze date. In the instant case the lease in question did not become ef-

fective until April 1, 1941, or three months subsequent to the freeze date.

We think it is clear that the defendant received rent in excess of the maximum rent ceiling, and the judgment, therefore, must be affirmed.

Affirmed.

[2] Section 11(a) of the Act provides: "The term 'housing accommodations' means any building, structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes in the District of Columbia (including, but without limitation, houses, apartments, hotels, rooming-or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all services supplied in connection with the use or occupancy of such property." Code 1940, Supp. V, § 45—1611(a).